IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: EMILY MARIE MUNOZ              CASE NO 16-09671 JMC-7A
                                      )
                                      )
      Debtor.                         )

**TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO SELL REAL ESTATE PURSUANT TO PRIVATE SALE**

Gregory K. Silver, Trustee for the bankruptcy estate of the above-referenced Debtor, pursuant to Section 363(b) of the Bankruptcy Code, petitions the Court for authority to sell certain real estate of Debtor and in support, states as follows:

1. The Trustee is the duly appointed and acting trustee in this Chapter 7 case.

2. The assets include real estate located at 11403 High Timber Dr., Indianapolis, Indiana owned by debtor (the "Real Estate").

3. The Trustee has been offered the sum of $105,000 cash for the real estate, and after payment of the first mortgage, there is no equity in the real estate, making for a short sale with all costs paid per Section 506 of the Code. If left over money after costs, balance per additional application to the Court.

4. The proposed purchase agreement, has been signed by the prospective purchaser, who has also tendered a $1,050 earnest money deposit to the Trustee, the major terms of which, described as required pursuant to Local Rule 6004-2(b), are:

   a. Property to be sold:           11403 High Timber Dr, Indianapolis, In
   b. Prospective purchasers:        Trans AM SFE 11, LLC
   c. Sale Price                     $105,000.00
   d. Material Contingencies:        Free and clear of liens
                                     Lien paid off at closing
                                     Sold "as is -"where is" no warranties
                                     broker fees/all costs paid by lender

      e. Marketing: By Court appointed co-brokers
      f. Purchaser connection to Debtor None to best of Trustee's knowledge
      g. Purchaser connection to Trustee None
      h. Sale is subject to US Bankruptcy Court approval and acceptable payoff to lien holder Wells Fargo Bank, NA.

## RELIEF REQUESTED

2. By this Motion, the Trustee requests that the Court enter an Order authorizing the Trustee to sell the Real Estate based upon the terms set forth above.

## BASIS FOR GRANTING RELIEF

3. Trustee's sale the Real Estate is authorized under Section 363(b) of the United States Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6004 and Local Rule B-6004-2.

4. The only party, other than Debtor, that have an interest in the real estate is Wells Fargo Bank, NA, whose lien will be satisfied upon closing of the sale contemplated hereunder. Thus, the sale is permissible under Section 363(b) of the Bankruptcy Code.

5. As a general rule, in such case, the decision to sell assets is left to the sound business judgment of the trustee, and as courts have stated:

> For a trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling or leasing the property outside the ordinary course of business ... Whether the proffered business justification is sufficient depends on the case.

*In re Schipper*, 109 B.R. 832, 836 (Bankr. N.D. Ill. 1989), *aff'd,* 112 B.R. 917 (N.D. Ill. 1990), *aff'd,* 933 F.2d 513 (7th Cir. 1991) (citing *In re Continental Airlines,* 780 F.2d 1223, 1226 (5th Cir.1986), *In re Lionel Corp.,* 722 F.2d 1063 (2nd Cir.1983), *Stephens Industries, Inc. v. McClung,* 789 F.2d 386 (6th Cir.1986), *In re Naron & Wagner, Chartered,* 88 B.R. 85 (Bank.D.Md.1988), *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.,* 77 B.R. 15 (Bankr.E.D.Pa.1987)); see also *In re S.N.A. Nut Co.,* 186 B.R. 98 (Bankr. N.D. Ill. 1995)

6. Here, the Trustee has determined that the proposed sale of the Real Estate is in the best interests to the estate.

**NOTICE AND OPPORTUNITY TO OBJECT**

7. Pursuant to Fed. R. Bankr. Pro. 2002(a)(3) and L.R. B-2002-1(b) and B-6004-2(d), parties in interest shall have twenty-one (21) days from the date of service hereof to object to the relief requested. Anyone not required or permitted to file electronically must file objections by U.S. mail, courier, overnight/express mail, or in person, at:

> 116 U.S. Courthouse
> 46 E. Ohio Street
> Indianapolis, IN 46204

The objecting party must also send a copy to the Trustee at the below address.

8. If an objection is NOT timely filed, the requested relief may be granted by the Court without further notice or hearing.

**WHEREFORE**, Gregory K. Silver, Trustee, respectfully petitions the Court for an order: (1) authorizing the sale of the Real Estate free and clear of all lien, claims and interests, such to attach to proceeds, (2) authorizing the Trustee to execute all necessary documents as required to complete the settlement and at closing to pay valid lien and costs of closing per Section 506 as a surcharge to lender; and (3) for all other just and proper relief.

> Respectfully submitted,
>
> /s/ *Gregory K. Silver*
> Gregory K. Silver, Trustee
> 334 N. Senate Ave.
> Indianapolis, IN 46204
> 317 590-0418
> trusteegksilver@yahoo.com

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served via the Court's ECF system this 31st day of March, 2017 to:

ustpregion10.in.ec@usdoj.gov
Sarah E.Willms Esq:sew@manleydeas.com
Anthony David Shull Esq:inn@geracilaw.com


                                               */s/ Gregory K. Silver*